J-S57034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRY LEE KUEHNER | |
| Appellant | No. 448 EDA 2014 |

Appeal from the PCRA Order entered December 31, 2013
In the Court of Common Pleas of Carbon County
Criminal Division at No: CP-13-CR-0000691-2005

BEFORE:  DONOHUE, MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 05, 2014**

Appellant Terry Lee Kuehner *pro se* appeals from an order of the Court of Common Pleas of Carbon County, which dismissed as untimely his petition for writ of habeas corpus, which the court treated as a petition for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-46. For the reasons set forth below, we affirm.

The facts and procedural history underlying this case is undisputed. Quoting the trial court's opinion, we previously noted:

> On October 2, 2008, [Appellant] entered into a guilty plea to counts 2 and 5 of the information, which were aggravated assault (F2) and simple assault charge (M2) respectively.[FN]  As part of his guilty plea, Appellant was sentenced to a term of imprisonment [of] not less than eighteen (18) months nor more than ten (10) years on the aggravated assault charge and to an imprisonment term of not less than six (6) months nor more than twelve (12) months on the simple assault charge.  As the signed stipulation stated, the sentence for the simple assault was to run consecutive to the sentence of the aggravated assault.
>
> [FN: 18 Pa.C.S.A. §§ 2701(a) (1), (4).]

***Commonwealth v. Kuehner***, No. 524 EDA 2012, unpublished memorandum at 1-2 (Pa. Super. filed October 22, 2012) (citations omitted).

> Appellant did not file a direct appeal. On August 15, 2011, Appellant filed a *pro se* petition for writ of habeas corpus in which Appellant alleged violations of the plea agreement. Appellant alleged that his sentences should have been run concurrently rather than consecutively. In furtherance of this claim, Appellant alleged in the petition (and now alleges on appeal from the denial of the petition) numerous theories by which he seeks to obtain relief. Appellant claims the consecutive sentencing scheme was the result of violations of due process, ineffective assistance of counsel, and breach of contract. The trial court dismissed Appellant's petition for writ of habeas corpus for want of subject matter jurisdiction.

***Id.*** at 2. On appeal, we treated Appellant's habeas petition as a PCRA petition, and concluded that it was untimely and, as a result, the court did not err in dismissing it for lack of jurisdiction. Despite the untimely nature of the petition, we nonetheless concluded that, because it was Appellant's first attempt to challenge his sentence, the appointment of counsel was necessary. Accordingly, we vacated the court's order denying Appellant's habeas petition and remanded the matter to the court for the appointment of counsel.

On February 19, 2013, the PCRA court appointed Joseph V. Sebelin Jr., Esquire as Appellant's counsel. On August 12, 2013, Attorney Sebelin filed a petition to withdraw, which the court denied based on the counsel's failure to file a no-merit letter. On August 26, 2013, Attorney Sebelin filed an amended petition to withdraw, attaching as an exhibit the required no-merit letter. In the amended petition to withdraw, Attorney Sebelin alleged that he sought withdrawal as counsel "[a]s a result of [Appellant's] refusal to

communicate with [him], as well as [his] belief that [Appellant's] claims lack merit." Amended Petition to Withdraw, 8/26/13, at ¶ 19. Moreover, in the no-merit letter, Attorney Sebelin indicated that his review of the record and his legal research led to the conclusion that Appellant's habeas petition treated as a PCRA petition was untimely and that Appellant failed to raise any meritorious claims. On December 3, 2013, the PCRA court sent Appellant a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Following receipt of Appellant's response to the Rule 907 notice, on December 31, 2013, the court dismissed as untimely Appellant's habeas petition under the PCRA and granted Attorney Sebelin's withdrawal petition.

Appellant appealed to this Court. Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the PCRA court issued a Pa.R.A.P. 1925(a) opinion. In its opinion, the court concluded that Appellant's petition for relief had to be dismissed under the PCRA because the petition was untimely and Appellant failed to satisfy an exception to the PCRA's timeliness requirement. PCRA Court Opinion, 2/18/14, at 7-8.

On appeal,[1] Appellant appears to challenge the dismissal of his habeas petition under the PCRA.[2] After careful review of the parties' briefs, the record on appeal, and the relevant case law, we conclude that the PCRA court's Rule 1925(a) opinion authored by the Honorable Roger N. Nanovic, thoroughly and adequately disposes of Appellant's challenge to the dismissal of his petition. *See* PCRA Court Opinion, 2/18/14, at 5-8. We, therefore, affirm the PCRA court's order dismissing Appellant's habeas petition as an untimely PCRA petition.[3] We direct that a copy of the PCRA court's February 18, 2014 Rule 1925(a) opinion be attached to any future filings in this case.

Order affirmed.

_____

[1] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (quoting ***Commonwealth v. Rainey***, 928 A.2d 215, 223 (Pa. 2007)).

[2] We note with disapproval that Appellant's *pro se* brief fails to conform in any way to the briefing requirements outlined in the Rules of Appellate Procedure. *See* Pa.R.A.P. 2101-2135. Because of the deficiencies in Appellant's brief, we are unable to discern the exact nature of the question(s) presented on appeal. Regardless, given the disposition of this case on jurisdictional grounds, we need not address the merits of this case.

[3] As we recently explained:

> The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims. Statutory time limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits.

***Commonwealth v. Seskey***, 86 A.3d 237, 241 (Pa. Super. 2014) (internal citation and quotation marks omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/5/2014

IN THE COURT OF COMMON PLEAS OF CARBON COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :
                              :
        vs.                   :    NO. 691 CR 2005
                              :
TERRY LEE KUEHNER,            :
              Defendant       :

Michael S. Greek, Esquire          Counsel for Commonwealth
Assistant District Attorney

Terry Lee Kuehner                  Pro Se

MEMORANDUM OPINION

Nanovic, P.J. - February 18, 2014

Defendant, Terry Lee Kuehner, appeals our dismissal of his Petition for Writ of *Habeas Corpus* for lack of subject matter jurisdiction. For the reasons stated below, we recommend that our dismissal of Defendant's petition be affirmed.

PROCEDURAL AND FACTUAL BACKGROUND

Defendant filed a petition for writ of *habeas corpus* that collaterally challenged this Court running his sentence consecutive to a sentence in an earlier conviction. Defendant's first conviction occurred in 2005 when a jury found him guilty of three counts of aggravated assault,[1] one count of recklessly endangering another person,[2] and two counts of simple assault.[3] See Docket Sheet, Commonwealth v. Kuehner, CP-48-CR-637-2004.

---

[1] 18 Pa.C.S.A. § 2702(a)(3),(4),(6).
[2] 18 Pa.C.S.A. § 2705.
[3] 18 Pa.C.S.A. § 2701(a)(1),(3).

[FN-10-14]

1

For these crimes, Defendant was sentenced to an aggregate term of imprisonment of not less than eighteen months, nor more than ten years.[4]

The conviction at issue occurred on October 2, 2008, when Defendant pled guilty to one count of simple assault.[5] *See* Docket Sheet, Commonwealth v. Kuehner, CP-48-CR-691-2005. On that same day, Defendant was sentenced to a term of imprisonment of no less than six months nor more than twelve months to run consecutive to the sentence imposed for Defendant's earlier conviction.[6] This sentence was in accordance with a plea agreement executed by both Defendant and his counsel.

Defendant did not appeal this judgment of sentence. Accordingly, as a matter of law, this sentence became final thirty days later, on November 1, 2008, when the time period allotted for Defendant to file a notice of appeal to the Pennsylvania Superior Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3).

Over two years later, on August 15, 2011, Defendant filed a *pro se* Petition for Writ of *Habeas Corpus*. In this petition, Defendant claimed that the running of his sentence consecutive to his earlier conviction violated his due process rights, was a

---

[4] The undersigned presided over this trial and imposed Defendant's sentence.
[5] 18 Pa.C.S.A. § 2701(a)(1).
[6] The Honorable David W. Addy took Defendant's plea and imposed this sentence. Judge Addy passed away on December 17, 2009.

[FN-10-14]

2

breach of his plea agreement, and was the result of ineffective assistance of counsel. On January 3, 2012, this Court, by the Honorable Richard Webb, dismissed Defendant's petition for lack of subject matter jurisdiction.

However, Judge Webb did not appoint counsel for Defendant. Consequently, when Defendant appealed this dismissal, the Pennsylvania Superior Court, in an unpublished memorandum opinion filed on October 22, 2012, vacated the dismissal of Defendant's petition and remanded the case for the appointment of counsel. The Superior Court determined that Defendant's petition for a writ of *habeas corpus* should have been treated by this Court as a petition under the Post Conviction Relief Act[7] (PCRA) and that, since this was Defendant's first collateral challenge to his conviction and sentence, under Pa.R.Crim.P. 904(c), counsel should have been appointed for Defendant prior to this Court acting on the petition.

After the case was remanded to this Court, we complied with the Superior Court's holding by appointing Joseph V. Sebelin, Jr., Esquire (Counsel) as counsel for Defendant.[8] On August 6, 2013, Counsel filed a motion to withdraw as counsel because Defendant was uncooperative and Counsel believed Defendant's

---

[7] 42 Pa.C.S.A. §§ 9541-46.
[8] This petition was initially assigned to Judge Webb who at the time was a Senior Judge. When this petition was remanded, Judge Webb had retired, resulting in the undersigned handling this matter on remand.

[FN-10-14]
3

petition lacked merit. In an order dated August 13, 2013, we denied Counsel's motion because he did not file a "no merit letter" with his petition in compliance with Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988). On August 26, 2013, Counsel filed an amended motion to withdraw that included a "no merit letter." After reviewing Counsel's letter and the record, we agreed that Defendant's petition lacked merit; accordingly, on December 31, 2013, we allowed Counsel to withdraw.

On December 3, 2013, we filed a notice of our intention to dismiss Defendant's Petition without hearing pursuant to Pa.R.Crim.P. 907(1). Our notice stated that we intended to dismiss Defendant's petition because it was untimely, depriving us of subject matter jurisdiction to adjudicate it. In conformance with Pa.R.Crim.P. 907(1), we gave Defendant twenty days to respond to our notice. Defendant filed a response on December 20, 2013, however, his response did not establish that we had subject matter jurisdiction. Accordingly, on December 31, 2013, we dismissed Defendant's petition because we lacked subject matter jurisdiction. Defendant then timely appealed our dismissal. We now file this opinion in accordance with Pa.R.A.P. 1925(a).

## DISCUSSION

Defendant collaterally attacked his conviction and sentence by filing a petition for a writ of *habeas corpus*. However, on appeal, the Superior Court held that Defendant's petition was, and needed to be treated as, a PCRA petition. *See* Commonwealth v. Kuehner, No. 524 EDA 2012, unpublished memorandum at 2-4 (Pa.Super. Oct. 22, 2012). We agree with this disposition,[9] and, in any event, are required to follow the Court's remand instructions.[10]

---

[9] The PCRA subsumed all forms of collateral relief including the writ of *habeas corpus*. Commonwealth v. Taylor, 65 A.3d 462, 466 (Pa.Super. 2013). However, the writ of *habeas corpus* continues to exist as a claim cognizable outside of the PCRA in rare cases where there is no available remedy under the PCRA. Commonwealth v. Fahy, 737 A.2d 214, 223-24 (Pa. 1999). It is well established that *habeas corpus* is "not available merely because an otherwise cognizable claim is jurisdictionally time-barred." Commonwealth v. Dickerson, 900 A.2d 407, 412 (Pa.Super. 2006).

In his petition, Defendant attacks this Court running his sentence consecutive to an earlier sentence. He claims his sentence violates due process, was a breach of his plea agreement, and was the result of ineffective assistance of counsel. Such claims are explicitly recognized as claims cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(i)-(iii).

[10] We were bound by the Superior Court's holding based on the law of the case doctrine. The law of the case doctrine "refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." Commonwealth v. King, 999 A.2d 598, 600 (Pa.Super. 2010)(quotation omitted). One of these rules is that "upon remand for further proceedings, a trial court may not alter the resolution of a legal question previously decided by the appellate court in the matter." Commonwealth v. Starr, 664 A.2d 1326, 1331 (Pa. 1995).

The law of the case doctrine is equally binding on appeal. The doctrine holds that "upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court." *Id.*

The law of the case doctrine is only inapplicable in "exceptional circumstances" including if (1) there was an intervening change in the law, (2) a substantial change in the facts, or (3) if the prior ruling was "clearly erroneous" and "would create a manifest injustice if followed." Commonwealth v. McCandless, 880 A.2d 1262, 1268 (Pa.Super. 2005). There were

[FN-10-14]

5

Treating Defendant's petition as a PCRA petition, we first must determine whether we have subject matter jurisdiction. Commonwealth v. Taylor, 933 A.2d 1035, 1038 (Pa.Super. 2007). In order for a court to have subject matter jurisdiction over a PCRA petition, the petition must be timely. Commonwealth v. Taylor, 67 A.3d 1245, 1248 (Pa. 2013). To be timely, the general rule, with three exceptions, is that the defendant must file his or her PCRA petition within one year from the date the defendant's judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." § 9545(b)(3). When there is no direct appeal of the judgment of sentence, the judgment of sentence becomes final upon the expiration of the thirty day period allotted for a defendant to seek a direct appeal. Commonwealth v. Brown, 943 A.2d 264, 268 (Pa. 2008).

A defendant's petition can still be timely outside of one year if it meets one of the three exceptions to this rule, they are: (1) claims of interference by government officials in the presentation of the claim; (2) claims of newly-discovered facts;

_____

no "exceptional circumstances" here that would justify us from departing from that holding.

[FN-10-14]

6

and (3) claims of an after-recognized constitutional right found by the deciding court to apply retroactively. § 9545(b)(1)(i)-(iii). To establish any of these three exceptions, the defendant must plead and prove facts establishing their applicability. Commonwealth v. Lark, 746 A.2d 585, 588 (Pa. 2000). Additionally, if the defendant invokes one of these exceptions, the petition must "be filed within sixty days of the date the claim could have been presented." § 9545(b)(2). The defendant must also plead facts establishing that it met this requirement. Commonwealth v. Geer, 936 A.2d 1075, 1078 (Pa.Super. 2007).

Applying these jurisdictional requirements to the facts before us, we lacked subject matter jurisdiction to adjudicate Defendant's petition because it was untimely. First, Defendant filed his petition well over a year after his judgment of sentence became final. Defendant's judgment of sentence was entered on October 2, 2008. Because he did not appeal this judgment, it became final thirty days later, on November 1, 2008. To be timely, Defendant needed to file his petition no later than November 1, 2009. Defendant's petition was not filed until almost two years beyond this deadline.

Second, Defendant did not establish that any of the three exceptions to the one-year time-bar were applicable. Defendant did not invoke any of the three exceptions by pleading facts in support of them. Moreover, Defendant did not plead any facts

[FN-10-14]

7

establishing that, if an exception was applicable, he filed his petition within sixty days of when it could have been filed.

Therefore, Defendant's petition was clearly untimely under the PCRA and required dismissal.

## CONCLUSION

Defendant's Petition for Writ of *Habeas Corpus*, which we treated as a PCRA petition, was untimely. Defendant did not file the petition within one year from the date his judgment of sentence became final, and has neither established that this filing falls within any of the statutory exceptions to the PCRA's one-year time-bar or that the petition was filed within the sixty day filing period applicable for exceptions to the one-year time-bar. Accordingly, we were without subject matter jurisdiction to adjudicate the merits of Defendant's petition or grant relief thereon. Therefore, dismissal was appropriate.

BY THE COURT:

_____
P.J.

[FN-10-14]
8

FEB 19 2014